## OCTOBER TERM, 1739.

### CHESELDINE's Lessee, vs. BREWER.

EJECTMENT. (See 1 *Harr. & M'Hen.* 152.) In this case a *special verdict* was found, stating that *Kenelm Cheseldine* was in the actual seisin and possession of the lands in question, before his death, and that he died so possessed of the lands in the declaration mentioned, about December 1708. That before his death, by his will of the 6th of December 1708, he devised the said lands to his son, *Kenelm Cheseldine,* in tail, and in default of such issue he devised the same to his three daughters, *Mary, Susanna* and *Dryden,* in tail. That the said *Kenelm,* the devisee, was the eldest son and heir at law of the testator, and after the death of the testator he became seised and possessed of the lands in question, and died so possessed in January 1717, having duly made his will, in which there is no land devised. That the lessor of the plaintiff is the eldest son and heir at law of the said *Kenelm,* (the son,) and grandson and heir at law of the said *Kenelm* the grandfather. That the mother of the lessor of the plaintiff, after the death of his father, continued some time in the possession of the said lands, on behalf of her said son, who was then an infant. That afterwards, on the 11th of February 1717, the defendant became possessed of the said lands, and hath ever since continued therein—the lessor of the plaintiff being an infant of about five years of age at the time the defendant became so possessed. This ejectment was brought on the 18th of October, 1737.

*Dulany,* (Attorney-General,) and *E. Jenings,* for the Plaintiff.

*Cumming* and *J. Mercer,* for Defendant.

JUDGMENT on the special verdict for the Plaintiff.

———⸗———

## MAY TERM, 1748.

### GILBERT's Lessee *vs.* LEE.

EJECTMENT for part of *His Lordship's Manor,* in Kent county. *Special Verdict,* finding a *Proprietary Lease,* dated the 20th of December 1745, for the land mentioned in the declaration, signed, sealed and delivered, by *Thomas Bladen, Benjamin Tasker* and *John Gilbert,* and recorded in the records of Kent county. It is stated to be made " between *Benjamin Tasker,* of the city of Annapolis, esquire, agent and receiver general

MAY 1748.

Gilbert
vs.
Lee.

of the right honourable the Lord Proprietary, for and on behalf of the said Lord Proprietary of the one part, and *John Gilbert* of," &c. reciting, that " whereas the said *Benjamin Tasker* is fully empowered and authorised, for and on behalf of the said Lord Proprietary, to demise, set, and to farm-let, any lands within all or any of his Lordship's Manors in the Province of Maryland. Now THIS INDENTURE witnesseth, that the said B. T. by virtue of the powers to him given by the Lord Proprietary aforesaid, for and on behalf of the said Lord Proprietary, and for and in consideration of the yearly rents and covenants hereafter mentioned, to be paid and performed by the said J. G. hath, with the consent and approbation of his excellency *Thomas Bladen*, Esquire, Governor and Chancellor of Maryland, testified by his signing and sealing these presents, demised," &c.

That *Thomas Bladen* was at the time of executing the said lease *Governor* and *Chancellor* of Maryland, and that *Benjamin Tasker* at the same time was and yet is agent to the right honourable the *Lord Proprietary* of this province. That the defendant, at the time of making the said lease, was in possession of the said land. That it does not appear that the lease was signed, sealed or delivered, on the land in question.

THE PROVINCIAL COURT gave judgment on the special verdict for the plaintiff.

*George,* for the Defendant.
*Calder,* for the Plaintiff.

———— ⚭ ————

### SEPTEMBER TERM, 1750.

#### LEWIS's Lessee *vs.* BEALL.

EJECTMENT for a tract of land called *Strife,* lying in Prince-George's county. *Verdict* for the plaintiff. *Point saved*—Whether a person having a seisin in law, but never an actual possession of lands in fee, whereof no person whatever hath the actual possession at the time of conveyance, can, for a valuable consideration, convey the same by lease and release? If in the affirmative, judgment to be entered for the plaintiff; if in the negative, for the defendant.

*S. Bordley* and *E. Dorsey,* for the Plaintiff.

*Dulany,* junior, *Cumming* and *J. Chase,* for the Defendant.

THE PROVINCIAL COURT gave judgment on the verdict and point saved, for the plaintiff.